Josephine Weisguth, Appellee, v. Supreme Tribe of
Ben Hur, Appellant.

(Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT
H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

## Statement of the Case.

Action by Josephine Weisguth against Supreme
Tribe of Ben Hur upon a life insurance certificate issued in favor of plaintiff as beneficiary upon the life
of one Emma Mansfield. From a judgment for plaintiff for $1,115.64, defendant appeals.

The declaration consisted of one count and alleged
that appellant was incorporated under the laws of the
State of Indiana and engaged in the business of life
insurance as a fraternal benefit society in the State of
Illinois; that on September 25, 1911, it issued to Emma
Mansfield, sister of appellee, its contract of insurance,
and that in consideration of certain assessments and
charges to be paid by the said Emma Mansfield that
upon her death and proof thereof appellant should
pay to appellee the amount of $1,000. The declaration further averred the death of Emma Mansfield in
November, 1911; that appellee furnished proof of said
death and demanded payment of the $1,000, which was
refused. To this the defendant filed the general issue
with notice that it would make certain defenses. On
September 15, 1911, Emma Mansfield made application
to become a member of the order of appellant and on
the same day was examined by Doctor Charles E.
Greer of Charleston, Illinois, and recommended as a
suitable and proper person to become a member of
said order, and on September 25, 1911, a certificate of
beneficial membership was issued to the said Emma

Mansfield and made payable to the appellee upon the death of Emma Mansfield, conditioned upon the payment of regular assessments therein specified.

It further appeared from the evidence that Emma Mansfield paid Doctor Greer for the said examination and that the dues and assessments were thereafter paid by appellee until the death of Emma Mansfield, which occurred on November 28, 1911. Thereafter proofs of death were made and appellant refused to pay the certificate on account of false and fraudulent statements claimed to have been made by Emma Mansfield in her application to become a member of this order. It was contended by counsel for appellant that the application contained a clause warranting the statements of the applicant to be true and that the appellee was bound by those statements, whether they were made fraudulently or not, or whether material or not, and that, if untrue in any particular, she would be barred from a recovery. The application signed by Emma Mansfield contained the following clause: "I do hereby agree and warrant as follows: 1. That the statements and answers contained in this application and medical examination to be full, complete and true and were read by me before attaching my signature thereto, and I hereby agree that these statements and warranties together with those hereinafter made to the examining physician in this application and the laws of the Supreme Tribe of Ben Hur, now in force and that may be hereafter adopted, shall form the basis of this contract for beneficial membership." Then further on and as a part of such application under paragraph 3 it is further provided: "That any untrue or fraudulent answers made by me in this application, or any neglect by me to pay any monthly payment, assessment or per capita tax which shall be made by the Supreme Tribe as provided by the laws of the Order, or by the by-laws of the Court to which

Weisguth v. Supreme Tribe of Ben Hur, 194 Ill. App. 17.

I belong, shall vitiate my beneficial certificate and forfeit all payments made thereon.

C. E. POPE, for appellant.

DAN McGLYNN, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 120*—*how construed.* Insurance policies should be so construed, if possible, as to give the parties the relief intended at the time of taking out the policy.

2. INSURANCE, § 202*—*when statements are representations and not warranties.* The statements contained in an application for life insurance, providing that the applicant agreed and warranted that the statements and answers contained in the application and medical examination were full, complete and true; further providing that applicant agreed that the statements and warranties together with those made to the examining physician in the application and the laws of the society should form the basis of the contract, and that any "untrue or fraudulent answers" made in the application should vitiate the certificate and forfeit all payments thereon, must be deemed representations and not warranties.

3. INSURANCE, § 209*—*when statements on medical examination part of application.* The statements in answers to the questions of a medical examiner of an applicant for life insurance are a part of the application, where the application is divided into two parts, part one containing among other things the family history, stipulations or what shall constitute the basis of the contract, and what shall constitute a forfeiture; part two being the medical examination, and the whole examination being entitled "application for beneficial certificate."

4. EVIDENCE, § 476*—*when verdict not disturbed as against weight of.* A verdict for the plaintiff will not be disturbed as manifestly against the weight of evidence and credence given to the testimony of one witness as against two others, where two juries have found for the plaintiff and the verdicts have been approved by the trial judges.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. INSURANCE, § 331*—*when notice to medical examiner is notice to insurer.* Notice to the medical examiner of a life insurance company of the facts concerning the health of insured acquired at time of the examination is notice to the company.

6. INSURANCE, § 333*—*when medical examiner agent of insurer.* A medical examiner of a life insurance company must be deemed the agent of the company although he is paid by the insured for the examination, and the policy contains a provision making him the agent of the insured.

7. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 26*—*when may be set aside.* It is within the discretion of the court to set aside an order of dismissal of a case, obtained at the instance of plaintiff to avoid a nonsuit, and to reinstate the case upon the docket at the same term, especially where it appears to the court that it was done in the interests of justice.

8. APPEAL AND ERROR, § 1296*—*when setting aside dismissal presumed proper.* It will be presumed that the trial court did not abuse its discretion in setting aside an order of dismissal of a case obtained by plaintiff and reinstating the case upon the docket at the same term, where the facts upon which the trial court based its decision setting aside the order of dismissal are not before the Appellate Court.